UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MARTIN HILGARDNER,

                  Plaintiff,

v.

OREGON STATE CORRECTIONAL
INSTITUTION, et al.,

                  Defendants.

_____

Case No.6:23-cv-1105-AB

OPINION AND ORDER ON
DEFENDANTS' PARTIAL MOTION TO
DISMISS AND FEDERAL RULE OF CIVIL
PROCEDURE RULE 41(B) DISMISSAL

BAGGIO, District Judge:

## I. BACKGROUND

Plaintiff Martin Hilgardner, an inmate at Snake River Correctional Institution, brings this

civil rights action against the Oregon State Correctional Institution ("OSCI") and individual state

employees in their individual and official capacities (collectively, "Defendants") seeking

prospective injunctive relief as well as monetary damages. ("FAC", ECF 18).[1] On October 11, 2024, Defendants filed a partial motion to dismiss, which seeks dismissal of Plaintiff's claims against OSCI under Federal Rule of Civil Procedure 12(b)(6). ("Mot. to Dismiss", ECF 38). Defendants argue that state sovereign immunity under Eleventh Amendment to the United States Constitution bars Plaintiff's claims against OSCI. *Id.*

Plaintiff did not file a response to Defendants' motion. On November 12, 2024, the Court ordered Plaintiff to either file a response or to show cause why he had not done so. ("Nov. 12, 2024, Order", ECF 39). The Court warned Plaintiff that failure to respond to the Order could result in dismissal of this action without prejudice. *Id.* To date, Plaintiff has not responded to the Court's Nov. 12, 2024, Order.

## II. LEGAL STANDARD

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint that fails to meet this standard may be dismissed under Federal Rule of Civil Procedure 12(b)(6). The Supreme Court instructs that Rule 8(a) requires a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

---

[1] The Court previously dismissed Claims Three, Four, Five, Six, Seven, Eight, and Nine of Plaintiff's FAC without prejudice following Plaintiff's failure to respond to the Court's March 12, 2024, Order, leaving Plaintiff to proceed only on Claims One and Two. ("April 22, 2024, Order", ECF 22).

2- OPINION AND ORDER ON DEFENDANTS' PARTIAL MOTION TO DISMISS AND FEDERAL RULE OF CIVIL PROCEDURE RULE 41(B) DISMISSAL

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

When ruling on a Rule 12(b)(6) motion, a court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir.2008). Moreover, pro se pleadings are to be construed liberally. *Erikson v. Pardus*, 551 U.S. 89, 94 (2007) (courts must liberally construe pro complaints and hold them to a "less stringent standard[ ] than formal complaints drafted by lawyers"); *see also Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir.2010) (courts continue to construe pro se complaints liberally after *Iqbal*).

It is well established that district courts may sua sponte dismiss actions for failure to prosecute or to comply with court orders. *See* Fed. R. Civ. P. 41(b); *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010) (discussing the dismissal for failure to prosecute standard) *overruled on other grounds* by *Langere v. Verizon Wireless Serv., LLC*, 983 F.3d 1115, 1117 (9th Cir. 2020); *Ferkik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (affirming dismissal for failure to comply with court orders). A district court should weigh five factors when deciding whether to dismiss an action for failure to prosecutor or to comply with court orders: "'(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" *Omstead*, 594 F.3d at 1084 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

## III. DISCUSSION

### A.  Defendants' Partial Motion to Dismiss

Defendants move to dismiss Plaintiff's claims against OSCI in Claims One and Two of his FAC because the Eleventh Amendment bars them. Essentially, the Eleventh Amendment prevents citizens from suing a state in federal court. *Porter v. Jones*, 319 F.3d 483, 491 (9th Cir. 2003). The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, an 'arm of the state,' its instrumentalities, or its agencies." *Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir.1995) (citation omitted). State prisons are considered state agencies for purposes of the Eleventh Amendment. *Allison v. Cal. Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969). State immunity under the Eleventh Amendment is, however, not absolute. A state may waive its Eleventh Amendment immunity by consenting to suit. *College Sav. Bank Fl. v. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999). And immunity does not apply when a plaintiff sues a state official in his or her official capacity for prospective injunctive relief. *See Alden v. Maine*, 527 U.S. 706, 747 (1999).

Plaintiff's First and Second Claims for Relief name OSCI as a defendant. *See, e.g.*, FAC, 1–2. The State of Oregon has not waived its Eleventh Amendment sovereign immunity from suit in federal court. Mot. to Dismiss, 2. Accordingly, because OSCI is immune from suit, the Court dismisses Plaintiff's claims against it with prejudice. *See, e.g., Eaton v. Two Rivers Corr. Inst. Grievance Coordinator Enyon*, 2020 WL 7364975, at *6 (D. Or. Dec. 15, 2020) (dismissing claims against Oregon department of Corrections based on Eleventh Amendment immunity).

**B.  Dismissal For Failure to Comply with Court Orders Under Rule 41(b)**

Here, four of the five factors that a district court should consider when deciding whether to dismiss an action for failing to prosecute or to follow court orders weigh in favor of dismissal. *See Ferdik*, 963 F. 2d at 1260–61. Defendant's failure to respond to either the Court's March 12, 2024, or November 12, 2024, Orders or to the partial motion to dismiss thwart the public's interest in quickly resolving cases and hinder the court's ability to dispose of this case on the merits. Moreover, Plaintiff's failures to respond suggest that he does not intent to diligently litigate this action. Accordingly, the first two factors—the public's interest in expeditious litigation resolution and the Court's need to manage its docket—favor dismissal. Likewise, the third factor—risk of prejudice to defendant—weighs for dismissal. A rebuttable presumption of prejudice to the defendant arises when a plaintiff unreasonably delays prosecution of an action. *See In re Eisen*, 31 F.3d 1447, 1452–53 (9th Cir. 1994). Plaintiff's failure to respond to either Court orders or to Defendants' motion for the past several months constitutes unreasonable delay. *See Henderson*, 779 F.2d at 1423. The fifth factor—availability of less drastic sanctions—also supports dismissing this action. The Court cannot move this case toward disposition without Plaintiff's compliance with the Court's orders or participation in the litigation. Plaintiff has demonstrated his unwillingness or inability to do either.

Only the fourth factor—public policy favoring disposition on the merits—could weigh against dismissal. But it is Plaintiff's responsibility to move towards disposition and to avoid delay and evasive tactics. *See Morris v. Morgan Stanley*, 942 F.2d 648, 652 (9th Cir. 1991). Plaintiff has not satisfied this responsibility despite being warned of the consequences of his failure to do so.

5- OPINION AND ORDER ON DEFENDANTS' PARTIAL MOTION TO DISMISS AND
FEDERAL RULE OF CIVIL PROCEDURE RULE 41(B) DISMISSAL

*See, e.g.*, Nov. 12, 2024, Order. Thus, under the circumstances here, Court finds that the fourth factor is neutral.

Generally, a district court should not enter a dismissal unless Plaintiff has been "warned that dismissal [is] imminent." *W. Coast Theater Corp. v. City of Portland*, 897 F.2d 1519, 1523 (9th Cir, 1990). Here, however, the Court expressly warned Plaintiff that dismissal was a possibility if he did not respond to the Court's Order. *See* Nov. 12, 2024, Order. Accordingly, because Plaintiff was warned about the possibility of dismissal and because most of the relevant factors weigh in favor of dismissal, the Court dismisses Plaintiff's remaining claims without prejudice.

## IV. CONCLUSION

The Court GRANTS Defendants' partial motion to dismiss (ECF 38) and dismisses OSCI from this action with prejudice.

The Court dismisses Plaintiff's remaining claims without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and to comply with the Court's Orders.

DATED: December ___13th___, 2024.

*Amy M. Baggio*
_____
AMY M. BAGGIO
United States District Judge